IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ARNELL PUGH, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| | ) | No. 08 C 7317 |
| v. | ) ) | Judge Joan H. Lefkow |
| CITY OF CHICAGO, a municipal corporation, and Officer ANGEL AMADOR, Star # 19941, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Arnell Pugh initially sued the City of Chicago (the "City") in state court for assault by a police officer, false arrest, and damage to property. After filing a second amended complaint naming both the City and Officer Angel Amador as defendants and alleging federal claims of false arrest and imprisonment, excessive force, and a *Monell* claim in addition to various state law claims, defendants removed the case to federal court.[1] Before the court is defendants' motion for summary judgment. For the following reasons, defendants' motion [#36] is granted.

## BACKGROUND

On September 7, 2005, Pugh was arrested for possession of a controlled substance. His car was impounded at that time. On September 29, 2005, Amador testified at Pugh's probable cause hearing.[2] In December 2005, Pugh filed an OPS complaint regarding his arrest, identifying the officer involved only as a "male/Asian." Pl.'s Statement of Additional Facts

---

[1] The court's jurisdiction is premised on 28 U.S.C. §§ 1331 and 1367.

[2] The transcript of this hearing misspells Amador's name as "Almador."

¶¶ 7–8. Amador made a written statement regarding the incident as part of the OPS investigation, which resulted in a finding that Pugh's allegations were unsustained.

On July 3, 2006, Pugh filed a *pro se* complaint in state court, naming the City and the City's Streets and Sanitation Department as defendants. The complaint alleged claims for assault by a police officer with a deadly weapon, false arrest, and damage to property arising from the incident on September 7, 2005. On September 5, 2006, Pugh amended his complaint, alleging the same three claims but naming only the City as a defendant. The case was referred to mandatory arbitration, and an award was rendered for Pugh on April 5, 2007. The City rejected the award. Still proceeding *pro se*, on June 19, 2007, Pugh completed a witness list for trial, identifying Amador only as the "officer on duty at Kedzie Homan." Pl.'s Statement of Additional Facts ¶ 17.

On March 6, 2008, after retaining counsel, Pugh filed a first amended complaint against the City for unlawful assault and battery and damage to property. The complaint did not name Amador as a defendant but identified him as the officer who committed the assault. After his counsel withdrew, Pugh retained his present counsel in November 2008. Through counsel, he filed a second amended complaint on December 5, 2008, adding Amador as a defendant and alleging state law claims of trespass to chattel, negligence, res ipsa loquitur, assault, battery, and intentional infliction of emotional distress, as well as federal claims under 42 U.S.C. § 1983 for false arrest and imprisonment, excessive force, and a *Monell* claim.

Amador first learned that Pugh had filed a lawsuit involving his arrest when he received the summons and complaint naming him as a defendant in December 2008. Pugh admits to learning of Amador's identity at the probable cause hearing on September 29, 2005.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine issue of fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56(c) & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that there is no genuine issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact is one that might affect the outcome of the suit. *Insolia*, 216 F.3d at 598–99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver* v. *Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## ANALYSIS

Defendants seek dismissal of Pugh's claims against Amador as an individual defendant, arguing that they are time barred.[3] They also seek dismissal of Pugh's *Monell* claim (Count IX),

---

[3] Defendants sought the same relief in a motion to dismiss. The court denied this motion, finding that at the pleading stage, defendants had failed to demonstrate that the allegations in Pugh's complaint
(continued...)

which Pugh concedes should be dismissed. Thus, the court will only address whether Pugh's claims against Amador are time barred.

While Pugh's initial complaint was timely, he named Amador as a defendant after the statute of limitations had expired.[4] His claims against Amador can only survive if they relate back to the filing of his original complaint under Federal Rule of Civil Procedure 15(c)(1)(C)[5] or equitable tolling applies. *See Wood* v. *Worachek*, 618 F.2d 1225, 1229 (7th Cir. 1980) ("[A] new defendant cannot normally be substituted or added by amendment after the statute of limitations has run."). Rule 15(c)(1) provides that an amendment to a pleading relates back to the date of the original pleading if

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action

---

[3](...continued)
precluded the possibility that he could meet the requirements for relation back under Federal Rule of Civil Procedure 15(c)(1)(C).

[4] For actions brought under § 1983, federal courts borrow the state statute of limitations for personal injury claims, which in this case is two years. *Williams* v. *Lampe*, 399 F.3d 867, 870 (7th Cir. 2005); 735 Ill. Comp. Stat. 5/13-202. State law claims joined to a § 1983 claim must be brought within one year of the injury. *Williams*, 399 F.3d at 870; 745 Ill. Comp. Stat. 10/8-101(a). Pugh's initial complaint, filed on July 3, 2006, less than one year after the incident, meets both these limitations.

[5] While the court will analyze whether Pugh's amendment relates back under Federal Rule of Civil Procedure 15(c)(1)(C), the analysis and conclusion would be the same under Illinois law. *See Springman* v. *AIG Mktg., Inc.*, 523 F.3d 685, 688 (7th Cir. 2008) ("We need not choose between state and federal law . . . because Illinois's relation-back rule is identical to the federal rule."); *Vodak* v. *City of Chicago*, No. 03 C 2463, 2006 WL 1049736, at *3 (N.D. Ill. Apr. 19, 2006).

> would have been brought against it, but for a mistake concerning the proper
> party's identity.

Fed. R. Civ. P. 15(c)(1). Defendants do not dispute that the claims against Amador arise out of the same occurrence set out in the original complaint, satisfying Rule 15(c)(1)(B), but argue that the requirements of subpart (C) are not met.

**I.   Notice**

Rule 15(c)(1)(C)(i) requires Amador to have received notice of Pugh's lawsuit within the time frame provided by Rule 4(m), at the latest 120 days after the statute of limitations ran. The statute of limitations for Pugh's § 1983 claim ran on September 7, 2007. Amador was not named as a defendant until December 5, 2008, well outside the applicable time frame. In order to survive summary judgment, Pugh must present some evidence that Amador had notice of the lawsuit within the Rule 4(m) time frame. *See Farrell* v. *McDonough*, 966 F.2d 279, 282–83 (7th Cir. 1992); *Mosely* v. *Bd. of Educ. of the City of Chicago*, No. 03 C 4915, 2009 WL 2448608, at *1 (N.D. Ill. Aug. 5, 2009). Defendants have introduced Amador's affidavit, which states that he did not know that Pugh filed a suit involving his arrest until his wife was served with the second amended complaint on December 19, 2008. Pugh admits this and instead contends that there is a sufficient identity of interest between Amador and the City such that notice of the initial complaint may be imputed to Amador. Relation back is proper where "a sufficient identity of interests exists between the new defendant and the original one so that relation back would not be prejudicial." *Woods* v. *Ind. Univ.-Purdue Univ. at Indianapolis*, 996 F.2d 880, 889 (7th Cir. 1993) (quoting *Norton* v. *Int'l Harvester Co.*, 627 F.2d 18, 21 (7th Cir. 1980)). "The exception may apply to impute notice to employees of a properly served employer, but a defendant's affidavit that he did not receive notice may defeat the imputation of notice." *Mosely*, 2009 WL

2448608, at *1; *see also Woods*, 996 F.2d at 889 (a defendant's affidavit that he received notice outside the applicable time period, without any contrary evidence, warranted a finding that the amended complaint did not relate back).

Here, Pugh has produced no evidence to support his argument that Amador had to have known of the original action within the applicable time period. Knowledge of an OPS complaint does not constitute notice of a future suit. The notice requirement also is not met by the fact that Amador and the City are both represented by attorneys for the City of Chicago. There is no evidence that Amador was represented by the same counsel prior to being named in the second amended complaint. Without such a showing, imputing notice to Amador is improper. *See Woods*, 996 F.2d at 889 n.14; *Mosely*, 2009 WL 2448608, at *2. Because Amador did not have notice of the lawsuit within the time frame required by Rule 15(c)(1)(C)(i), Pugh has not met the requirements for relation back.

## II. Equitable Tolling

Pugh argues that if relation back is not permitted, equitable tolling should apply. "The doctrine of equitable tolling permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 557 (7th Cir. 1996) (quoting *Singletary v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago*, 9 F.3d 1236, 1241 (7th Cir. 1993)). Equitable tolling may be appropriate where the plaintiff is unable to identify the wrongdoer despite the exercise of reasonable diligence or where "the court has led the plaintiff to believe that she had done everything required of her." *Id.*

(quoting *Baldwin County Welcome Ctr.* v. *Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984)).

Pugh maintains that he acted with diligence while representing himself *pro se* but was only able to ascertain who injured him once counsel began an inquiry in November 2008. This is belied by the record, however, as Pugh admits to first learning of Amador's identity at his probable cause hearing in September 2005, three years before Amador was named as a defendant. Further, Pugh's former counsel named Amador in the text of the first amended complaint in March 2008 but did not seek to add him as a defendant at that time. This was months before the second amended complaint naming Amador as a defendant was filed.

Pugh also argues that equitable tolling should apply because the state court failed to inform him that he had to name the officer individually in order to state a valid claim. A judge is not required to inform a *pro se* plaintiff of the need to amend, however; "[f]omenting litigation is not part of the judicial function." *Myles* v. *United States*, 416 F.3d 551, 552 (7th Cir. 2005); *see also Pliler* v. *Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."). Moreover, Pugh did not need to add Amador as a defendant to proceed on his state law claims. *See McCottrell* v. *City of Chicago*, 481 N.E.2d 1058, 1059–60, 135 Ill. App. 3d 517, 90 Ill. Dec. 258 (1985) ("Clearly, one need not name each employee of a corporation in a suit for injuries sustained in order to prevail against the corporate employer. Rather, a litigant may sue either the master or the servant, for they are jointly and severally liable."). Thus, the state court did not erroneously lead Pugh to believe he had done everything required of him to pursue his claim. Because Pugh

7

has not demonstrated that equitable tolling is warranted, Amador will be dismissed as a defendant.

Coupled with Pugh's concession that judgment should be entered for the City on his *Monell* claim, Amador's dismissal leaves no pending federal claims. The court will decline to exercise its supplemental jurisdiction over Pugh's state law claims. *See Groce* v. *Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

## CONCLUSION AND ORDER

For the foregoing reasons, defendants' motion for summary judgment [#36] is granted. Amador is dismissed as a defendant. Judgment is entered for the City on Pugh's *Monell* claim (Count IX). The remaining state law claims are dismissed without prejudice to refiling in state court. This case is terminated.

Dated: November 29, 2010          Enter: _____

                                                            JOAN HUMPHREY LEFKOW
                                                            United States District Judge